```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**KEITH L. CRAWFORD,**

                      **Petitioner,**

          **v.**                                                      **CASE NO.07-3207-SAC**

**PAUL MORRISON,**

                      **Respondent.**


### O R D E R

    Petitioner proceeds pro se and in forma pauperis on a petition for habeas corpus under 28 U.S.C. § 2254.

    Petitioner alleges constitutional error in his conviction on 1996 Kansas charges, and details his extensive state court litigation including one pending appeal in the state appellate courts. With his petition, petitioner also submitted a motion to stay this habeas action while he exhausts his state court remedies. The court directed respondent to file a response limited to petitioner's motion for a stay. Having reviewed responses filed by respondents and petitioner, the court denies petitioner's motion for a stay and dismisses the petition without prejudice.

    Petitioner was convicted in the state courts on the charge of rape. In the petition for habeas corpus relief now before this court, petitioner asserts four grounds for relief but states he has additional issues in the state courts which are currently being litigated. Accordingly, even if petitioner has fully exhausted state court remedies on the four claims asserted in his petition, he clearly indicates his interest in raising claims on which the

state court remedies have not yet been fully exhausted.

As petitioner recognizes, however, "a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Petitioner thus seeks a stay to satisfy this requirement on any currently unexhausted claims he might wish to add to his federal petition.

A federal habeas court may stay a mixed petition (that is, one containing both exhausted and unexhausted claims) while the petitioner returns to state court to pursue the unexhausted matters. Rhines v. Weber, 544 U.S. 269 (2005). This court's discretion to do so is tightly circumscribed. *See* Rhines, 544 U.S. at 277 ("stay and abeyance should be available only in limited circumstances"). In the present case, it appears a stay is not necessary for petitioner to seek federal habeas review of his claims. On the record as clarified by respondents and petitioner, the court discerns no obvious bar to petitioner seeking federal habeas corpus review by the timely refiling of a petition under 28 U.S.C. § 2254 once petitioner has fully exhausted state court remedies on all claims being presented to the federal court.

Petitioner's state conviction for rape became final in August 2000 upon expiration of the 90 day period for seeking a writ of certiorari in the United States Supreme Court.[1]  *See* 28 U.S.C. 2244(d)(1)(A)(one year limitation period applicable to habeas

---

[1] *See* State v. Crawford, Sedgwick District Court Case 96-CR-2352, Kansas Court of Appeals affirmed, February 18, 2000(Appeal No. 80646, unpublished opinion), rev. denied May 3, 2000. *See also*, 28 U.S.C. § 2101 and Rule 13 of the Rules of the Supreme Court of United States.

2

petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Petitioner stopped ("tolled") the running of that one year period approximately 211 days later when he filed his first motion for post-conviction relief under K.S.A. 60-1507 on March 27, 2001.[2]  *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending). Tolling continued until December 19, 2006, when that post-conviction proceeding became final and the remainder of the federal one year limitation period resumed running.[3]

Approximately 52 days later, petitioner again tolled the running of the § 2244(d)(1) limitation period when he filed a second post-conviction motion in the state courts on February 9, 2007.[4] An appeal in that action is currently pending before the state

---

[2]*See* Crawford v. State, Sedgwick District Court Case No. 01-CV-964, reversed and remanded (Kan.App. January 10, 2003)(Appeal No. 87928, unpublished opinion), rev. denied (March 25, 2003); affirmed the denial of relief on remand, 2006 WL 2265057 (Kan.App. August 4, 2006)(Appeal No. 93916, unpublished opinion), rev. denied (December 19, 2006).

[3]The court does not decide whether petitioner's filing of a state habeas petition under K.S.A. 60-1501 on December 19, 2005, which continued through a Kansas Court of Appeals' decision on December 21, 2007, provides any further tolling, but notes that this state habeas action involves a separate and distinct issue regarding the payment from petitioner's prison account of costs assessed by state district court in petitioner's post-conviction action. *See* Crawford v. State, Leavenworth District Court Case No. 2005-CV-527, affirmed, 2007 WL 4578007 (Kan.App. December 21, 2007)(Appeal No. 97925 unpublished opinion).

[4]*See* Crawford v. State of Kansas, Sedgwick District Court Case NO. 07-CV-486, Appeal No. 99286 pending.

appellate courts.[5]

Thus it appears that once petitioner's second state post-conviction proceeding is final, petitioner will have used approximately 263 days of the one year limitation period imposed by 28 U.S.C. § 2244(d)(1). At that time, petitioner will still have time remaining in the federal limitation period to refile a habeas petition under 28 U.S.C. § 2254 on fully exhausted claims.

Accordingly, the court finds no compelling reason exists for the stay requested by petitioner, and concludes the petition should be dismissed without prejudice to petitioner refling a timely petition for federal habeas review of claims that have been fully exhausted in the state courts.

IT IS THEREFORE ORDERED that petitioner's motion for a stay (Doc. 3) is denied.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

The clerk's office is to provide petitioner with a form petition for filing under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED: This 29th day of January 2008 at Topeka, Kansas.

       s/ Sam A. Crow
      SAM A. CROW
      U.S. Senior District Judge

---

[5]Petitioner's filing of the instant habeas petition in federal court has no tolling effect under 28 U.S.C. § 2244(d)(2). See Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(§ 2244(d)(2) provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition).